

**FILED**
**Jul 19, 2022**
**01:34 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Charles Gentry ) | Docket No.    2019-06-2140 |
| ) | |
| v.  ) | State File No.  106998-2019 |
| ) | |
| Arapazuma, Inc., et al.  ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers'  ) | |
| Compensation Claims  ) | |
| Kenneth M. Switzer, Chief Judge  ) | |

---

### Affirmed in Part, Vacated in Part, and Remanded

---

The employee sustained a compensable injury to his shoulder while reaching to retrieve a package from a shelf. During the course of authorized medical treatment, the treating physician ordered a third round of physical therapy, which the employer declined to authorize based on a utilization review decertification. On administrative appeal, the Bureau of Workers' Compensation's Medical Director agreed with the decertification. In addition, the employee submitted a claim for mileage reimbursement, some of which was approved by the employer and some of which was denied. Following an expedited hearing, the trial court ordered the employer to authorize the additional physical therapy and to reimburse additional mileage, and the employer appealed. Upon careful review of the record, we affirm the trial court's order in part, vacate it in part, and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Katy Beth Carr and Chancey R. Miller, Chattanooga, Tennessee, for the employer-appellant, Arapazuma, Inc.

Charles Gentry, Lebanon, Tennessee, employee-appellee, pro se

### Factual and Procedural Background

Charles Gentry ("Employee") worked for Arapazuma, Inc. ("Employer"), as a delivery driver. On July 16, 2018, Employee was reaching over a stack of boxes in the back of the truck to retrieve a package from the top shelf. Because the package was heavier than expected, Employee had to shift his weight, twist, and strain to prevent the package

1

from falling, which resulted in pain in his left shoulder. He reported the incident, and Employer provided authorized medical care with Dr. Lucas Richie and Dr. Matthew Willis.[1] Dr. Richie repaired Employee's torn labrum and, thereafter, ordered physical therapy. According to the therapist's notes, Employee reported he "never fully recovered" even after undergoing therapy. He was subsequently diagnosed with degenerative joint disease and "rotator cuff pathology." He came under the care of Dr. Willis, who performed a left shoulder reverse arthroplasty in November 2021.[2]

Employee began additional physical therapy in December 2021. After Employee attended approximately twenty-one physical therapy visits between December 2021 and February 2022, Dr. Willis prescribed an additional round of therapy. Employer submitted the additional therapy request to its utilization review provider, and the request was reviewed by Dr. Sean Lager, a board-certified, Tennessee-licensed orthopedic surgeon. Dr. Lager concluded that the request for additional physical therapy fell outside the ODG physical therapy guidelines, and he recommended decertification. Specifically, Dr. Lager stated, "the number of requested visits exceeds guidelines and there is no rationale or contraindication that a self-directed home exercise program would not be sufficient to address any remaining deficits." As a result of Dr. Lager's report, Employer's insurer declined to authorize additional physical therapy.

Thereafter, Employee filed a request for expedited hearing and an appeal of the utilization review denial to the Bureau of Workers' Compensation's Medical Director. Employer filed a motion to dismiss the request for expedited hearing because Employee failed to file an affidavit or Rule 72 declaration in support of his request as required by the rules governing expedited hearings. Employer also argued that the issues in dispute were not within the scope of the issues certified by the mediator on the dispute certification notice ("DCN"), in contravention of Tennessee Code Annotated section 50-6-239(b)(1). Approximately twenty-three days after filing the request for an expedited hearing, and over a week after the expiration of a deadline set by the trial court for Employee to correct the defect in his filing, Employee filed a Rule 72 declaration. On that same date, the trial court denied Employer's motion to dismiss, concluding that the issues raised by Employee were within the scope of the disputed issues identified on the DCN and that Employer had failed to establish any prejudice caused by the late filing of the Rule 72 declaration. Prior to the expedited hearing, Employer filed a motion to continue the hearing pending receipt of the Medical Director's determination of the utilization review appeal. The trial court denied the motion for continuance but later indicated it would allow the parties to submit the Medical Director's determination as a late-filed exhibit for the court's consideration.

---

[1] Because the issues addressed during the expedited hearing were limited to current treatment and mileage reimbursement, the parties provided few medical records regarding Employee's initial course of treatment. We have gleaned Employee's treatment history from the limited records provided.

[2] This surgery was apparently delayed by COVID-19 restrictions and hospital protocols.

In addition, Employee submitted a claim for mileage reimbursement for medical visits. Although Employer agreed to reimburse certain trips, it refused to reimburse others because, according to its research, the visits were within a fifteen-mile radius of Employee's residence. During the expedited hearing, Employee admitted that certain trips were within a fifteen-mile radius of his residence, but he disagreed with Employer's mileage calculation for the physical therapy visits, asserting instead that he traveled more than fifteen miles one way for each physical therapy visit.

Following the hearing, Employer submitted as late-filed Exhibit 8 the Medical Director's determination in which the Medical Director agreed with the utilization review physician's recommended decertification for additional physical therapy. The Medical Director's determination, signed by Dr. Robert Snyder, noted that "[t]he medical records do not reflect the reasoning in light of current measurements and a home exercise program." In its expedited hearing order, the trial court placed little weight on Dr. Lager's report and Dr. Snyder's determination and concluded Employee was entitled to the additional physical therapy as prescribed by the authorized treating physician. It also placed greater weight on Employee's testimony regarding the distance he traveled to physical therapy visits than the evidence submitted by Employer and awarded additional mileage reimbursement. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2021). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). Moreover, a trial court has the discretion to determine which testimony to accept when presented with conflicting expert opinions, and we review such determinations using an abuse-of-discretion standard. *Johnston v. Siskin Steel & Supply Co.*, No. E2020-00799-SC-R3-WC, 2021 Tenn. LEXIS 241, at *30-31 (Tenn. Workers' Comp. Panel Feb. 10, 2021). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

**Analysis**

It is well settled that an injured employee bears the burden of proving every essential element of his or her claim for workers' compensation benefits. *Scott v. Integrity Staffing*

3

*Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). At an expedited hearing, however, the employee's burden of proof to establish entitlement to certain benefits is different than at trial. As we have explained, "an employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, as reflected in the plain language of subsection 239(d)(1), the judge may issue an interlocutory order upon determining that the employee would likely prevail at a hearing on the merits." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). In reviewing a trial court's determination in this regard, we are to apply a presumption that the court's findings are correct, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

In this appeal, Employer raises four issues, which we have re-stated as follows: (1) whether the trial court erred in denying Employer's motion to dismiss in light of Employee's late filing of his Rule 72 declaration; (2) whether the trial court erred in denying Employer's motion for continuance in light of Employee's contemporaneous appeal of the utilization review denial to the Medical Director; (3) whether the trial court erred in ordering additional medical treatment as prescribed by the authorized treating physician; and (4) whether the trial court erred in awarding additional mileage reimbursement.

*Denial of Motion to Dismiss and Motion for Continuance*

On March 15, 2022, Employee filed a Request for Expedited Hearing using an outdated form, and he did not file an affidavit or Rule 72 declaration as required by Tenn. Comp. Rules and Regs. 0800-02-21-.15(1). As a result, on March 18, 2022, Employer filed a motion to strike the expedited hearing request. On March 22, 2022, the trial court entered an order denying the motion to strike, requiring Employee to file an affidavit or Rule 72 declaration on or before March 28, and setting the expedited hearing for April 20, 2022.

Thereafter, on March 31, Employer filed a motion to dismiss the request for an expedited hearing, arguing that Employee had failed to file an affidavit or Rule 72 declaration in support of his claim within the time limit set by the court. On or about April 7, Employee filed a response to the motion to dismiss, a Rule 72 declaration, and a request for a status hearing. Thereafter, the trial court denied Employer's motion to dismiss, reasoning that Employee had "cured" the defect in his hearing request and Employer had failed to show any prejudice caused by the late filing.

On April 13, 2022, Employer filed a motion to continue the expedited hearing, arguing that Employee's appeal of the utilization review denial to the Medical Director's office remained pending, and it would be inappropriate to conduct the expedited hearing

4

until the Medical Director's determination had been received. Employer further argued that its deadline to file documents in support of its defense would expire while the appeal to the Medical Director was pending and that it was prejudicial to require Employer to "simultaneously" defend the utilization review denial before "two different bodies."

The trial court conducted the expedited hearing on April 20 and allowed Employer to argue its motion for continuance at the beginning of the hearing. It denied the motion orally then proceeded to hear testimony regarding Employee's claims for additional medical benefits and mileage reimbursement. The following day, the trial court entered an order denying Employer's motion for continuance but concluding it would "withhold ruling" on Employee's request for benefits until the parties had filed the Medical Director's determination, which it deemed "relevant to the question of whether the requested treatment is medically necessary." Employer subsequently filed Dr. Snyder's determination, which agreed with the utilization review decertification.

With respect to a trial court's denial of a motion to dismiss, we review such determinations under an abuse-of-discretion standard. *See Bumgarner v. Amazon.com Services, LLC*, Nos. 2021-06-0220 & -0221, 2022 TN Wrk. Comp. App. Bd. LEXIS 2, at *7 (Tenn. Workers' Comp. App. Bd. Jan. 11, 2022). As we have recognized previously, a trial court has the discretion to manage its own docket. *Id.* With respect to a trial court's discretion, the Tennessee Supreme Court has explained:

> Discretionary decisions must take the applicable law and the relevant facts into account. An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.

*Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Here, we agree with Employer that Employee's request for hearing was technically deficient. Employee's request was not accompanied by an affidavit or Rule 72 declaration as required by Tenn. Comp. Rules and Regs. 0800-02-21-.15(1).[3] Employee then compounded the defect by

---

[3] Rule 0800-02-21-.15(1) states, "A request for expedited hearing *must* be accompanied by an affidavit or a [Tennessee Rules of Civil Procedure] Rule 72 declaration under penalty of perjury, which *must* contain a plain, concise statement of the facts and any other documents demonstrating the party is entitled to the requested relief." (Emphases added.) As we have noted previously, the use of the word "must" in the rule signals a requirement, not a suggestion. *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015). As noted by the trial court, however, we have acknowledged that the phrase "accompanied by" does not necessarily equate to "concurrently with" and that a supporting affidavit may be considered to have "accompanied" the hearing

failing to abide by the trial court's order that an affidavit or Rule 72 declaration be filed by a date certain. There is no indication in the record that Employee offered any reasonable explanation for his failure to abide by the court's order.

The trial court determined: (1) the issues to be addressed at the expedited hearing were clearly identified well before the hearing; (2) Employee eventually cured the defect by filing a Rule 72 declaration more than ten days before the hearing; and (3) Employer did not show any prejudice caused by the late filing. Based on the totality of the circumstances, we cannot conclude the trial court abused its discretion by refusing to dismiss the request for expedited hearing.[4]

With respect to the motion for a continuance, Employer argued it was prejudiced by not having the Medical Director's determination before the expedited hearing and not having the opportunity to adequately prepare for the hearing in light of the administrative appeal pending before the Medical Director. The trial court reasoned that, because a court is not bound by a utilization review decision or the Medical Director's determination when addressing an employee's request for additional medical benefits, it was not prejudicial to Employer to require it to proceed with the expedited hearing. Further, the court concluded Employer failed to show it suffered any prejudice because it had "known the evidence that [Employee] planned to rely upon with sufficient time to prepare." The court noted that Employer also failed to show how addressing the issue in two separate forums was prejudicial.

We conclude this is a close question. As stated above, a trial court has the discretion to control its own docket. However, our Workers' Compensation Law incorporates a system of utilization review and provides an avenue for appeal of a utilization review determination to the Bureau's Medical Director. The legislature has indicated that the utilization review system is intended to "ensure the availability of quality medical care services for injured and disabled employees and to manage medical costs in workers' compensation matters." Tenn. Code Ann. § 50-6-124(f); *see also* Tenn. Comp. R. & Regs. 0800-02-06-.01(20) ("'Utilization review' means the evaluation of the necessity, appropriateness, efficiency, and quality of medical services . . . ."). Moreover, the legislature authorized the adoption of treatment guidelines "for the diagnosis and treatment of commonly occurring workers' compensation injuries." Tenn. Code Ann. § 50-6-124(g).

---

request even if filed at some later date. *Smith v. La-Z-Boy, Inc.*, No. 2017-01-0003, 2017 TN Wrk. Comp. App. Bd. LEXIS 52, at *10 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2017). It is within the trial court's discretion to assess the circumstances of any given case to determine if a supporting affidavit or Rule 72 Declaration was timely filed, and we will review such a determination for an abuse of discretion.

[4] In its brief on appeal, Employer did not address its earlier argument that the issues to be presented at the expedited hearing were outside the scope of the DCN issued by the mediator. We therefore consider this argument waived. *See Moore & Seiferth v. Ingles Markets, Inc.*, Nos. 2015-02-0193 & -0183, 2015 TN Wrk. Comp. App. Bd. LEXIS 41, at *3-4 (Tenn. Workers' Comp. App. Bd. Nov. 4, 2015).

These guidelines are intended "to optimize patient care" and are to be "informed by a systematic review of the evidence and an assessment of the benefit and harms of alternative care options." Tenn. Comp. R. & Regs. 0800-02-25-.02(10). The statute and rules clearly indicate the legislature's intent to give employers a mechanism to test the reasonableness and necessity of treatment prescribed by an authorized physician. In addition, as noted by the trial court in its post-hearing order, the Medical Director's assessment of the medical necessity of prescribed treatment is relevant to a trial court's consideration of a request for additional medical benefits. Hence, there is an argument that the parties should have had the benefit of all relevant evidence known to the parties before being required to litigate the issue in court. Here, neither party knew at the time of the hearing whether the Medical Director would agree or disagree with the utilization review report.[5] It would have been reasonable to grant a short continuance to give the parties the opportunity to receive and review this relevant evidence.

On the other hand, our law provides certain presumptions in favor of treatment prescribed by an authorized physician. Tennessee Code Annotated section 50-6-204(a)(3)(H) provides that treatment prescribed by an authorized physician "shall be presumed to be medically necessary for treatment of the injured employee." Hence, the burden of production is on an employer who chooses to challenge treatment prescribed by an authorized physician. Moreover, we have previously concluded that a trial court "is not bound by the determination of the utilization review physician or the Bureau's Medical Director but is charged with conducting a de novo review to determine whether Employer rebutted the presumption that the prescribed treatment is reasonably necessary to treat the work injury." *Walls v. United Tech. Corp.*, No. 2019-05-0371, 2021 TN Wrk. Comp. App. Bd. LEXIS 27, at *12 (Tenn. Workers' Comp. App. Bd. Aug. 6, 2021). Of course, a trial court cannot conduct a "de novo review" of evidence that has not yet been received. Here, the trial court addressed Employer's concerns by holding its decision in abeyance until the parties had received and had the opportunity to file the Medical Director's determination as a late-filed exhibit. It reviewed and considered Dr. Snyder's determination in conducting its de novo review. Employer has not shown that a continuance of the expedited hearing pending receipt of Dr. Snyder's determination would have materially altered its strategy or presentation of the evidence. Although it is a close question, we cannot conclude the trial court abused its discretion by denying Employer's motion for a continuance under the particular circumstances of this case.

---

[5] For example, in circumstances where the disputed issue is the medical necessity of prescribed treatment, if the Medical Director were to reverse a denial of treatment that had been based on an employer's utilization review report, the employer is required pursuant to Tenn. Comp. R. & Regs. 0800-02-06-.07(4) to authorize the treatment within seven calendar days. In many cases, therefore, the utilization review appeal could resolve the same issue the court is being asked to address.

When a trial court is faced with conflicting expert opinions, it may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." *Bass v. The Home Depot U.S.A., Inc.*, No. 2016-06-1038, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *9 (Tenn. Workers' Comp. App. Bd. May 26, 2017). As noted above, we review such determinations under an abuse-of-discretion standard. *Sanker v. Nacarato Trucks, Inc.*, No. 2016-06-0101, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *12 (Tenn. Workers' Comp. App. Bd. July 6, 2016). A trial court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009).

In the present case, Dr. Willis, as the authorized treating physician, was accorded a presumption that the treatment he prescribed was reasonably necessary to treat Employee's work injury. The burden was on Employer to overcome that presumption. In that regard, Employer presented the utilization review report of Dr. Lager and the appeal determination of Dr. Snyder. Both physicians indicated that Dr. Willis had not provided an adequate rationale for prescribing additional physical therapy and had not explained why a home exercise program could not effectively address any remaining deficits in Employee's range of motion.

Again, we conclude this is a close question. The trial court placed significant weight on Dr. Willis's experience treating and operating on Employee. Moreover, the trial court noted that Employee asserted, without objection, that Dr. Willis had reiterated his recommendation for additional physical therapy the day before the expedited hearing.[6] Neither Dr. Lager nor Dr. Snyder had the opportunity to physically examine Employee. Finally, the trial court noted that Dr. Lager did not have the benefit of a complete set of medical records for review. In the trial court's view, Dr. Lager's reference to a diagnosis of "sprained shoulder" indicated that the medical information he had available for review was incomplete. Under the circumstances, we cannot conclude the evidence preponderates against the trial court's determination that the presumption in favor of Dr. Willis's prescribed treatment had not been overcome. We therefore affirm the trial court's order to the extent it compels Employer to authorize additional physical therapy as prescribed by Dr. Willis.

---

[6] Employer did not object to Employee's testimony regarding Dr. Willis's out-of-court statements during the hearing, but it did attempt to submit as a late-filed exhibit Dr. Willis's April 19 report. The court declined to consider Dr. Willis's April 19 report because it was filed after the "close of proof." Although Employer referenced Dr. Willis's April 19 report in its brief on appeal, it has not raised as an issue on appeal the trial court's refusal to consider that report.

*Order for Additional Mileage Reimbursement*

Finally, the trial court ordered Employer to reimburse Employee for trips reportedly made to and from the physical therapy facility on numerous occasions. The trial court reasoned that Employee "testified sincerely and repeatedly that he drove more than fifteen miles, one-way, each time he attended." We conclude, however, that this issue does not turn on the credibility of Employee's testimony or the particular route Employee chose to take. Tennessee Code Annotated section 50-6-204(a)(6)(A) states:

> When an injured worker is required by the worker's employer to travel to an authorized medical provider or facility *located outside a radius of fifteen (15) miles from the injured worker's residence or workplace*, then, upon request, the employee shall be reimbursed for reasonable travel expenses.

(Emphasis added.) We conclude that the statutory phrase "located outside a radius of fifteen (15) miles" is not dependent on any particular route an employee may choose to take. Here, Employee presented documentation and testimony that he drove 16 miles one-way to and from the physical therapy facility. However, he did not present any evidence establishing that the physical therapy facility was located "outside a radius of fifteen (15) miles" of either his residence or his workplace. In contrast, Employer presented documentation, accepted into evidence without objection as Exhibit 6, that the physical therapy facility was within a fifteen-mile radius of Employee's residence. As noted above, Employee has the burden of proving he is likely to prevail on this issue at trial. We conclude the evidence preponderates against the trial court's order for mileage reimbursement for Employee's physical therapy visits at this stage of the case.

## Conclusion

For the reasons set out above, we affirm the trial court's denial of Employer's motions to dismiss and for a continuance, as well as the trial court's order for additional medical benefits; we vacate the trial court's order for additional mileage reimbursement; and we remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Charles Gentry | ) | Docket No. 2019-06-2140 |
| | ) | |
| v. | ) | State File No. 106998-2019 |
| | ) | |
| Arapazuma, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of July, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Chancey R. Miller | | | | X | cbmiller@carrallison.com kbcarr@carrallison.com |
| Charles Gentry | X | X | | X | sam121234@yahoo.com 3981A Vesta Rd. Lebanon, TN 37090 |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov